UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Steven Edward Medows**, | C/A No. 3:07-409-HFF-BHH |
| Plaintiff, | |
| vs. | Report and Recommendation |
| | *for partial summary dismissal* |
| **Cayce Department of Public Safety**; | |
| **NFN Kenley,** Detective with the Cayce Police Department**;** | |
| **Lexington County Solicitor's Office**; and | |
| **State of South Carolina**, | |
| Defendant(s). | |

_____

Background

The plaintiff, Steven Edward Medows, proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. §§ 1983 and 1985 for a malicious prosecution Fourth Amendment violation and for libel, slander, and defamation.[1]  The plaintiff alleges that he wrongfully spent thirty-three (33) months in the Lexington County jail on a falsified murder charge.  He alleges that Detective Kenley with the Cayce Department of Public Safety created false documents, forged evidence, and withheld vital information from the State and the plaintiff in order to "frame" or wrongfully build the case against the plaintiff who did not commit the murder.  The plaintiff alleges that he was arrested on January 16, 2004, and on January 30, 2004, he "furnished both the Cayce police and the solicitors office with proof of a false arrest."  He alleges that on July 21, 2006, the prosecutor finally met with the plaintiff to determine if he was wrongfully charged

---

[1] Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

with murder. Allegedly, on or about October 19, 2006, the prosecutor dismissed the case against the plaintiff and he was released from jail.

The plaintiff brings this action seeking monetary damages for lost wages and attorneys' fees incurred as a result of Detective Kenley, the Cayce Department of Public Safety, and the Lexington County Solicitor's Office[2] wrongful institution of legal process against him for a murder charge.[3] He further seeks damages from libel, slander, and defamation reported in the newspapers and for emotional distress. Because the defendants State of South Carolina and Lexington County Solicitor's Office are entitled to immunity from suit, they should be dismissed from this action prior to service of process.

### Review pursuant to 28 U.S.C. § 1915

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

---

[2] Although the plaintiff's complaint named Lexington County as a defendant, his factual allegations and his Answers to Local Rule 26.01 Interrogatories indicate that the plaintiff intended to sue the Lexington County Solicitor's Office. Therefore, the undersigned construes the named defendant to be the Lexington County Solicitor's Office. This defendant is subject to summary dismissal.

[3] *See Wallace v. Kato*, 127 S.Ct. 1091, 1095-96 (February 21, 2007), for a discussion of the Fourth Amendment claims of malicious prosecution, false arrest, and false imprisonment pursuant to 42 U.S.C. § 1983.

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  § 1915(e)(2)(B)(i)- (iii).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*.  Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal as to two of the defendants.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

3

Discussion

Liberally construed, the plaintiff states a claim pursuant to 42 U.S.C. §§ 1983 and 1985 for violation of the Fourth Amendment due to the malicious prosecution against him which resulted in his wrongfully serving 33 months in jail. He further brings state law claims for libel, slander, and defamation. Defendant NFN Kenley is a proper defendant in this action because he allegedly began the wrongful institution of the criminal charge against the plaintiff. Also, the Cayce Department of Public Safety (CDPS) is a properly named defendant because the plaintiff alleges that on January 30, 2004, he "furnished the Cayce police ... with proof of a false arrest" and, liberally construed, it may be inferred that unnamed members of the CDPS wrongfully pressed murder charges against the plaintiff. Although it is unclear from the complaint, either the plaintiff seeks supervisory liability against the head of the Cayce Department of Public Safety[4] or he seeks damages from other unnamed officers of the CDPS who were personally involved with pressing charges against him. As this case proceeds forward against the CDPS, the plaintiff should clarify who exactly he intended to sue within the CDPS.

This action, however, is not properly brought against the State of South Carolina or the Lexington County Solicitor's Office because they are both legally immune

---

[4] To proceed forward on a claim against the head of the Cayce Department of Public Safety, the plaintiff will be required to prove that the head of the department tacitly or explicitly approved of pressing the murder charge or that he was deliberately indifferent to another officer's unlawful actions. Section 1983 liability on the part of a supervisory defendant requires a showing that the supervisory defendant tacitly authorized or was indifferent to the prison official's actions which violate constitutional rights. *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990); *Wynn v. Mundo*, 367 F.Supp.2d 832, 837 (M.D.N.C. 2005) (for an individual to be liable under § 1983, "it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights."), *aff'd*, 142 Fed.Appx. 193 (4th Cir. 2005).

4

from suit. The Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*See Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000) (Congress exceeded its authority in making Age Discrimination in Employment Act [ADEA] applicable to States); *Alden v. Maine*, 527 U.S. 706 (1999); *College Savings Bank v. Florida Prepaid Educ. Expense Bd.*, 527 U.S. 666 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996); *Alabama v. Pugh*, 438 U.S. 781, 782 & nn. 1-2 (1978); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 61-71 (1989); *Bellamy v. Borders*, 727 F. Supp. 247, 248-250 & nn. 2-3 (D.S.C. 1989); *Coffin v. South Carolina Dep't of Soc. Services*, 562 F. Supp. 579, 583-585 (D.S.C. 1983); and *Belcher v. South Carolina Bd. of Corr.*, 460 F. Supp. 805, 808-809 (D.S.C. 1978). *See also Harter v. Vernon*, 101 F.3d 334, 338-339 (4th Cir. 1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens). *Cf. Suarez Corp. Indus. v. McGraw*, 125 F.3d 222 (4th Cir. 1997); *City of Boerne v. Flores*, 521 U.S. 507 (1997) (Congress exceeded its authority in enacting Religious Freedom Restoration Act of 1993); and *Printz v. United States*, 521 U.S. 898 (1997) (invalidating Brady Handgun Violence Act's provision that States conduct background checks on handgun purchasers).

Under *Pennhurst State Sch. & Hosp. v. Halderman*, a State must expressly

consent to suit in a federal district court. *Id.* at 99 & n. 9. The State of South Carolina has not consented to suit in a federal court. *See* South Carolina Tort Claims Act, § 15-78-20(e), South Carolina Code of Laws (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.) The Eleventh Amendment cannot be overridden by pendent jurisdiction or any other basis of jurisdiction. *Pennhurst State Sch. & Hosp.*, 465 U.S. at 121.

Moreover, in South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. Solicitors are elected by voters of a judicial circuit. *See* § 24 of Article V, Constitution of the State of South Carolina; and § 1-7-310, South Carolina Code of Laws. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); and *Burns v. Reed*, 500 U.S. 478 (1991). To the extent the plaintiff intended to name a prosecutor with the Lexington County Solicitor's Office, the actions taken by a prosecutor of preparing a criminal charge and prosecuting the case against the plaintiff were part of the judicial process; therefore, the prosecutor has absolute immunity from suit. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"). To the extent the plaintiff intended to name the Lexington County Solicitor's *Office* as the defendant, this is apparently either a building or facility. Inanimate objects – such as buildings, facilities, and grounds – do not act under

color of state law.  Hence, this defendant is not a "person" subject to suit under 42 U.S.C. § 1983.  *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983);  and *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case as to defendant State of South Carolina and defendant Lexington County Solicitor's Office *without prejudice* and without issuance and service of process for these defendants.  Process shall issue for service of the remaining defendants. *See Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. Briscoe*, 998 F.2d 201, 202-04 & n.* (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); 28 U.S.C. § 1915(e)(2)(B).

*Plaintiff's attention is directed to the important notice on the next page.*

Respectfully Submitted,

s/Bruce Howe Hendricks
United States Magistrate Judge

March 28, 2007
Greenville, South Carolina

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).