IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Steven Edward Medows, | ) | |
| | ) | Civil Action No. 3:07-409-HFF-BHH |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| The City of Cayce and NFN Kenley, | ) | |
| Detective with the Cayce Police | ) | |
| Department, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983 and possibly various state law claims. This matter is before the Court on the defendants' motion for summary judgment. [Doc. 56.]

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on February 9, 2007, seeking damages for alleged civil rights violations. On November 12, 2007, the defendant filed a motion for summary judgment. On November 13, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the

possible consequences if he failed to adequately respond to the motion.  On December 17, 2007, the plaintiff filed his response.

## FACTS PRESENTED

The plaintiff was arrested pursuant to a warrant for the murder of a Donnell Larry, on January 16, 2004.  (Burnish Aff. ¶ 4, 9-11.)  It was alleged that the plaintiff was the last person to see Larry alive and that he was in possession of a gun and ammunition that were consistent with the caliber weapon used to kill Larry.     *Id*. ¶ 8.    The plaintiff was later true bill indicted for the crime of Murder.  (Def. Ex. A.)  The plaintiff eventually pled guilty to the crime of Obstruction of Justice on October 19, 2006, but not to the murder charge.  (Def. Exs. B, C.)  The plaintiff received time served for his guilty plea.  (Def. Ex. B.)  The charge of the crime of murder was *nolle prossed* by the solicitor, with leave to re-indict if necessary.  (Def. Ex. C; Pl. Ex. 7 at 7.)

The plaintiff argues that the warrant was not based on probable cause because evidence that the plaintiff possessed a weapon of the type used in the crime was not in the defendants' possession until a statement was given on January 21, 2004, after the warrant was issued for his arrest on January 16.  (Pl. Resp. at 3.)  The plaintiff further alleges that the investigating officer, Detective Karl Kenley, "documented a false case summary after re-wording witness statements, forging evidence, withholding vital information from both the state and the defendant deliberately entering false information on the motion discovery."  (Compl. at 3.)  Instead, he claims that the defendants were using him to "set-

2

up" another suspect and that the obstruction of justice charge was brought at the "last minute" to harass him.  (Pl. Resp. at 4-5.)

## APPLICABLE LAW

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law.  As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-

moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

### I.     False Arrest and Malicious Prosecution

Between his Complaint and his response to summary judgment, the plaintiff appears to plead both a claim for false arrest (Compl. at 4) and malicious prosecution (Compl. at 3), pursuant to 28 U.S.C. § 1983 and possibly state law. As stated, the plaintiff alleges that he was wrongfully arrested and investigated for murder. He also contends that the defendants falsified evidence against him. (Compl. at 3.)

#### A.     False Arrest

A claim that a *warrantless* arrest is not supported by probable cause constitutes a cause of action for false arrest as opposed to malicious prosecution. *See Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir.1996). As a result, a false arrest claim must fail where it is made "pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563,

4

568 (4th Cir. 1998); *see also Brooks*, 85 F.3d at 181. It is undisputed that the plaintiff's arrest was made pursuant to a facially valid warrant. (See Kenley Aff. ¶¶ 9-11; Pl. Resp. at 1.) The plaintiff has not challenged either the fact that a magistrate issued a warrant for his arrest or that it was facially valid. In fact, he has confirmed that a warrant was so issued and that he was arrested pursuant to it. *Id.* At most, therefore, the plaintiff can allege only "a cause of action for malicious prosecution" based on an alleged lack of probable cause for seeking and issuing the warrant in the first instance. *Porterfield*, 156 F.3d at 568; *see also Brooks*, 85 F.3d at 181 ("However, allegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for the period after legal process issued, are analogous to the common-law tort of malicious prosecution.")

### B.    Malicious Prosecution

To prevail on a claim for malicious prosecution against the defendants, the plaintiff must demonstrate that the magistrate judge did not have probable cause to issue the arrest warrant and that the arresting officer should have known that such cause was lacking when the warrant was requested. *See id.* A Section 1983 claim for malicious prosecution incorporates the common law elements of that same cause. *See Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir. 2005). That does not mean, however, that the plaintiff must satisfy the specific elements of a South Carolina state cause of action for malicious prosecution. *See id; Lambert v. Williams*, 223 F.3d 257, 261-62 & n.2 (4th Cir. 2000).

5

To say that a Section 1983 claim incorporates the common law elements is to simply require "that the defendant have 'seized [plaintiff] pursuant to legal process that was not supported by probable cause and that the criminal proceedings [have] terminated in [plaintiff's] favor.'"  *Burrell*, 395 F.3d at 514 (quoting *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183-84 (4th Cir.1996)).  In fact, other more specific elements, such as malice, have been expressly rejected as not a part of the showing necessary to establish a Section 1983 malicious prosecution claim.  *See Lambert*, 223 F.3d at 262 n.2 (4th Cir. 2000) (quoting *Brooks*, 85 F.3d at 184 n.5) ("We found, for instance, that malice was not an element of the § 1983 claim since the reasonableness of a seizure under Fourth Amendment jurisprudence 'should be analyzed from an objective perspective.'").  The Fourth Circuit has emphasized that "although we styled the claim as a § 1983 malicious prosecution claim and incorporated common law elements, we did not treat the claim as separate and distinct from the appellant's constitutional allegations."  *Id*. at 261-62. Rather, "the foundation for [a malicious prosecution] claim was 'a seizure that was violative of the Fourth Amendment.'" *Id*. at 262.

Accordingly, the plaintiff is only required to demonstrate that (1) he was arrested pursuant to a warrant not supported by probable cause and (2) that the criminal proceedings against him terminated in his favor.  *See Burrell*, 395 F.3d at 514.   The plaintiff cannot satisfy the second element of his claim.  Regardless of whether he can create a genuine issue of fact as to whether the magistrate judge had probable cause to

issue the warrant in the first instance, the plaintiff has not created any issue of fact as to whether the criminal proceedings against him were terminated in his favor.  *See id.*  They were not.  His claim, therefore, should be dismissed.  *See Nicholas v. Wal-Mart Stores, Inc.*, 33 Fed.Appx. 61, 64 (4th Cir. 2002)

The second element of the malicious prosecution claim is an inquiry as to whether the outcome of the prosecution was favorable to the plaintiff by virtue of a not-guilty verdict or otherwise.  *See DiBlasio v. City of New York*, 102 F.3d 654, 657-658 (4th Cir. 1996.)  The plaintiff argues that the proceedings terminated in his favor insofar as the charges for murder were *nolle prossed*.  (Pl. Resp. at 5.)  It is true that the murder charges were *nolle prossed* but with leave to re-indict.  (Pl. Ex. 7 at 7.)  This is not a favorable disposition of the criminal proceedings under South Carolina law.  *See McKenney v. Jack Eckerd Co.*, 402 S.E.2d 887, 888 (S.C.1991); *see also Nicholas.*, 33 Fed. Appx. at 64 (recognizing the *McKenney rule*).  Unless the claim is *nolle prossed* "under circumstances which imply or are consistent with innocence of the accused," the claim for malicious prosecution must fail.  *Nicholas.*, 33 Fed.Appx. at 64.  The plaintiff has the affirmative burden to make such a showing.  *Id*.

The Honorable Henry Floyd has specifically held that a charge that is *nolle prossed* with "leave to re-indict" is not circumstances which imply or are consistent with innocence of the accused.  *Jackson v. Gable*, 2006 WL 1487047, at *5 (D.S.C. May 25, 2006).  The plaintiff has not met his burden to alleged or demonstrate that the murder charges were

dismissed under other circumstances which imply his innocence.  In fact, the plaintiff remains a person of interest in the ongoing murder investigation.  (Kenley Aff. ¶ 5.) Accordingly, his malicious prosecution case must be dismissed.[1]  *See Burrell*, 395 F.3d at 514; *Nicholas.*, 33 Fed.Appx. at 64.

## II.     State Law Claims

Having dismissed the plaintiff's federal claim against the defendants, the court declines to exercise jurisdiction over whatever state law claims the plaintiff may have against either of the defendants.  *See* 28 U.S.C. § 1367(c); *see, e.g., Patterson v. City of Columbia*, 2003 WL 23901761, at *5 (D.S.C. Dec 29, 2003) ("Patterson has raised various state law claims against all Defendants. Because the federal claims must be dismissed, the court declines to exercise jurisdiction over the remaining state law claims.")  Thus, the state law claims, if any, are dismissed without prejudice for refiling in state court.

---

[1] The defendants have also moved for dismissal of the plaintiff's federal claim because it was filed outside of the applicable three year statute of limitations period, as borrowed from South Carolina law, *see Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 955 (4th Cir.1995), and the plaintiff's state law claims, if any, which were filed outside of the applicable two year statute of limitations period, *see* S.C. Code § 15-78-110.  The defendants contend that the plaintiff's claims accrued on January 16, 2004, when he was arrested and, therefore, his Complaint in this Court was untimely when filed on February 9, 2007.  Of course, because an element of his claim requires the plaintiff to demonstrate that the criminal proceedings were terminated in his favor, his claim could not have accrued, if at all, until the murder charge was *nolle prossed* sometime in 2006.

## <u>CONCLUSION</u>

Wherefore, it is RECOMMENDED that the Defendant's Motion for Summary Judgment [Doc. 56] be GRANTED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

February 28, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

10